————o————

STATE ex rel. HOWELL COUNTY, Appellant, vs. THE JUSTICES OF HOWELL COUNTY COURT, Respondent.

1. *Demurrer, judgment upon, will not support appeal.*—A judgment sustaining a demurrer is not such a final judgment as will support an appeal.

2. *County Court House—County justices—Building of by—Mandamus.*—Mandamus will not lie to compel the justices of a County Court to build a court house. The statute (Wagn. Stat., 403, § 4) leaves the erection of county buildings entirely to the discretion and judgment of the County Court, and such discretion cannot be controlled by mandamus.

*Appeal from Howell Circuit Court.*

*Maxey & Livingston,* for Appellant.

The writ of mandamus is generally applied to the ministerial acts of inferior tribunals, (9 Mo., 119 ; 41 Mo., 221,) and the building of a court house by the County Court is a ministerial act. (26 Mo., 275 ; 41 Mo., 44 ; 42 Mo., 512 ; 49 Mo., 146.)

The doctrine laid down in County Court vs. Round Prairie Township, 10 Mo., 679, and Vitt vs. Owens, 42 Mo., 512, does not apply. In those cases the County Court had exclusive jurisdiction and had acted in the premises and performed its duty ; but in the one at bar, it is made the imperative duty of the County Court to cause to be erected, at the seat of justice of each county, a good and sufficient court house. The County Court has no discretion in the premises. (Wagn. Stat., 402, § 1.)

*W. S. Pope,* for Respondent.

If Wagn. Stat. (403, § 4,) means anything, it must mean that the question of erection of a court house is left to the discretion and sound judgment of the County Court. It would seem that this is the case in a county where none of the buildings referred to are erected. How much more so is it the case in a county where the court has erected such buildings, and that, too, of a kind and quality that they, in their judgment, consider sufficient to meet the demands and wants of their county. (People vs. Judges of Wayne County, 1 Man. [Mich.] 359; *In re* Turner, referred to in Mos. Mand., 23; 10 Mo., 679; 42 Mo., 512.)

WAGNER, Judge, delivered the opinion of the court.

This was an application for a writ of mandamus against the defendants, who are justices of the Howell County Court, for the purpose of compelling them to build a court house. It was averred, that the court house in the county was a poor and insufficient building, and it would be greatly advantageous to have a better one; and that a petition had been presented to the County Court, requesting them to authorize and take steps to construct a better and more suitable court house, but that the defendants caused an order to be entered of record, refusing to grant the request. A peremptory writ was therefore asked, to compel the defendants to proceed with the erection of the building. At the return term of the alternative writ, the defendants filed a demurrer, which was sustained by the court, and the relator excepted and appealed. The only judgment in the case, is the one sustaining the demurrer, and that is not such a final judgment as will support an appeal. But aside from this point the judgment should be affirmed. It is manifest that mandamus will not lie in a case of this character. The statute, in reference to county buildings, provides, that whenever the County Court of any county shall think it expedient to erect any county building, and there shall be sufficient funds in the county treasury for that purpose, not otherwise appropriated, or the circumstances of

'the county will otherwise permit, they shall make an order for the building thereof, etc. (1 Wagn. Stat., 403, § 4.) This law leaves the erection of the buildings entirely to the sound discretion and judgment of the County Court, and that discretion cannot be controlled by mandamus.

Judgment affirmed; the other judges concurring except Judge Vories, who is absent.